**UNITED STATES DISTRICT COURT**              **EASTERN DISTRICT OF TEXAS**

ROLAND KADERLI,                          §
                                         §
          Petitioner,                    §
                                         §
*versus*                                 §          CIVIL ACTION NO. 1:17-CV-306
                                         §
BOBBY RADER,                             §
                                         §
          Respondent.                    §

### MEMORANDUM OPINION AND ORDER

A Final Judgment was previously entered dismissing this petition for writ of habeas corpus without prejudice as moot. Petitioner has now filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The petition challenged petitioner's pretrial detention. The petition was dismissed as moot because petitioner was convicted of the charge which caused his detention. *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988).[1]

In his motion, petitioner asserts his petition is not moot because he is subject to collateral consequences as a result of the conviction. Petitioner notes that his conviction may be used to impeach him if he testifies in a subsequent criminal trial. He also states his conviction may be considered in sentencing if he is later convicted on another charge.

---

[1] Petitioner's detention was the result of a charge of aggravated assault with a deadly weapon. He filed a separate petition attacking this conviction. That petition was dismissed as barred by the applicable statute of limitations. *Kaderli v. Director, TDCJ-CID*, No. 1:21cv107 (E.D. Tex. Mar. 23, 2022).

A petition for writ of habeas corpus challenging a conviction is not moot even though a prisoner completes his sentence before final adjudication because a conviction results in certain collateral consequences. *Carafas v. LaValle*, 391 U.S. 234, 238 (1968). As stated above, this petition challenged petitioner's pretrial detention, not his conviction. Pretrial detention does not carry with it any of the disabilities or burdens which concerned the court in *Carafas*. *Fassler*, 858 F.2d at 1018, n.3. The collateral consequences petitioner describes flow from his conviction, not his pretrial detention. As a result, the petition remains moot. The motion for relief from judgment is therefore without merit.

<b>ORDER</b>

For the reasons set forth above, it is **ORDERED** that petitioner's motion for relief from judgment (#74) is **DENIED**.

SIGNED at Beaumont, Texas, this 16th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE